K. Tom Kohan, Esq. (CA Bar No. 225420)
**KOHAN LAW FIRM**
515 South Figueroa Street, Suite 1200
Los Angeles, CA 90071
Tel: 310-349-1111
Fax: 888-476-7010
Email: tom@kohanlawfirm.com

Ezra Sutton, Esq.
**Ezra Sutton & Associates, P.A.**
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, New Jersey 07095
Telephone: (732) 634-3520
Facsimile: (732) 634-3511
Email: esutton@ezrasutton.com
(Motion for Pro Hac Vice to be filed)

Attorneys for Defendants
EZRA SUTTON, P.A. and EZRA SUTTON

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

NEWEGG INC., a Delaware Corporation,

Plaintiff,

vs.

EZRA SUTTON, P.A., a New Jersey Professional Corporation, and EZRA SUTTON, an individual,

Defendants.

Case No.: 15-CV-01395-TJH-JC

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS EZRA SUTTON, P.A. AND EZRA SUTTON**

**DEMAND FOR JURY TRIAL**

District Judge: Hon. Terry J. Hatter, Jr.
Magistrate Judge: Hon. Jacqueline Chooljian

Complaint Filed: February 26, 2015
Trial Date: Not Set

Defendant EZRA SUTTON, P.A. ("Ezra Sutton, P.A."), a New Jersey corporation and Defendant EZRA SUTTON ("Ezra Sutton"), an individual, (collectively hereinafter "Defendants"), hereby answer the Complaint of plaintiff NEWEGG INC. ("Plaintiff" or "Newegg") with respect to Plaintiff's allegations in the Complaint as follows: Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion made in the Complaint.

1. In response to Paragraph 1 of the Complaint, Defendants admits that the Complaint purports that this action "seek[s] relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §§ 101 et seq.)."

**PARTIES**

2. Regarding the allegations set forth in Paragraph 2 of the Complaint, Defendants are without knowledge or sufficient information to form a belief as to the truth of these allegations and therefore deny them.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Regarding the allegations set forth in the first sentence of Paragraph 5 of the Complaint, Defendants deny that they conduct business in this District. In addition, Defendants wholly deny the rest of the allegations contained in Paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6. In response to Paragraph 6 of the Complaint, Defendants admit that the Complaint purports that "[t]he Court has jurisdiction under 17 U.S.C. §§ 101 et seq., and 28 U.S.C. §§ 1331, 1338(a), and 1367."

7. In response to Paragraph 7 of the Complaint, Defendants deny that "[t]his Court has personal jurisdiction over the Defendants," and deny that "venue in this District is proper under 28 U.S.C. §§ 1391(b) and 1400(a)."

**SUMMARY OF THE FACTS**

8. In response to Paragraphs 8 through 10 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of these allegations and therefore deny them.

9. Defendants admit the allegations in Paragraphs 11 through 16, 20, 21 and 29 of the Complaint.

10. Regarding the allegations set forth in Paragraphs 17, 18, 19, 22, 23, 24, 25, 26, 27, 28, 30 and 31 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of these allegations and therefore deny them and leave Plaintiff to its proofs.

**CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

11. As to the allegations in Paragraph 32 of the Complaint, Defendants restate and incorporate by reference their answers to the preceding paragraphs of the Complaint, inclusive, as if fully set forth herein.

12. In response to Paragraph 33 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of these allegations and therefore deny them.

12. Defendants deny the allegations in Paragraphs 34 through 42 of the Complaint.

**PRAYER FOR RELIEF**

Wherefore, Defendants EZRA SUTTON, P.A. and EZRA SUTTON pray for judgment as follows:

1. That Plaintiff take nothing by its Complaint;

2. That judgment be entered in favor of Defendants Ezra Sutton, P.A. and Ezra Sutton, and against Plaintiff.

3. That Defendants Ezra Sutton, P.A. and Ezra Sutton be awarded their costs and attorney's fees pursuant to 17 U.S.C. § 505.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where such burden properly rests with Plaintiff, and expressly reserving and not waiving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor, Defendants hereby assert the following defenses to the claims asserted in the Complaint, while reserving their right to amend their Answer if additional information becomes available:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

1. As their First Affirmative Defense, Defendants allege that Plaintiff has failed to state a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**
**(Lack of Damages – Brief Withdrawn)**

2. As their Second Affirmative Defense, Defendants allege that Plaintiff has sustained no loss or damages as a result of Defendants' alleged infringement of Plaintiff's purported copyrighted brief(s), at least because Defendants immediately withdrew the allegedly infringing brief and retracted it from the Court filings, so that it no longer exists in the Court's records.

**THIRD AFFIRMATIVE DEFENSE**
**(Permissive Adoption by Reference)**

3. As their Third Affirmative Defense, Defendants allege that pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure (FRAP), Defendants were permitted to join in or adopt Plaintiff's alleged copyrighted, opening appellate brief by reference, as a matter of law.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Malice)**

4. As its Fourth Affirmative Defense, Defendants allege that their acts in connection with their alleged infringement of Plaintiff's purported copyrighted brief(s) were without malice, and were done in the good faith belief that both parties were on the same side trying to win the same motion.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Notice)**

5. As their Fifth Affirmative Defense, Defendants, upon information and belief, allege that Plaintiff failed to properly mark its alleged copyrighted brief(s) with a copyright notice, *i.e.*, "©", and also failed to give Defendants written notice of a copyright claim.

**SIXTH AFFIRMATIVE DEFENSE**
**(Innocent Infringement (based on Preexisting Work) and Good Faith)**

6. As its Sixth Affirmative Defense, Defendants allege that to the extent that any part of Plaintiff's copyrighted brief(s) were infringed, Defendants acted in the good faith belief that both parties were on the same side trying to win the same motion. In addition, Defendants' actions were innocent of any intent to infringe any copyright in Plaintiff's brief(s). To this end, Defendants allege that Plaintiff's alleged copyrighted appellate brief(s) are substantially similar to and repeat many of the same arguments and language contained: **(a)** in Plaintiff's preexisting, published, and un-copyrighted memorandum in support of Plaintiff's motion for attorney's fees that was previously filed with the District Court, and **(b)** in Sakar International, Inc.'s preexisting memorandum in support of Plaintiff's motion for attorney's fees that was previously filed by Defendants with the District Court. If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded to Plaintiff should be reduced to a minimum.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Release, Waiver, and Estoppel)**

7. As its Seventh Affirmative Defense, Defendants allege that Plaintiff's claims relating to its alleged copyrighted brief(s) are barred by the doctrines of release, waiver, and estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Implied License)**

8. As its Eighth Affirmative Defense, Defendants allege upon information and belief, that Plaintiff's claims relating to its alleged copyrighted brief(s) are barred and recovery is barred or limited by the doctrine of implied license.

**NINTH AFFIRMATIVE DEFENSE**
**(Attorneys' Fees are Improper)**

9. As their Ninth Affirmative Defense, Defendants allege that under the U.S. copyright statutes, Plaintiff is not entitled to attorneys' fees since Plaintiff fails to state facts sufficient to permit recovery of attorneys' fees against Defendants.

**TENTH AFFIRMATIVE DEFENSE**
**(Limitation of Statutory Damages)**

10. As their Eleventh Affirmative Defense Defendants allege that they were not aware and had no reason to believe that their acts constituted an infringement of Plaintiff's copyright(s). Thus, Defendants infringement was innocent and the award of statutory damages should be limited to a sum of not less than $200.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Defendants' Lack of Profits Limited by the Apportionment Theory)**

11. As their Eleventh Affirmative Defense, Defendants allege that any purported damages relating to Plaintiff's alleged copyrighted brief(s) sought by the Plaintiff are limited due to the lack of Defendant's deriving any profits and are also limited by the apportionment theory based on the percentage of profits attributable to the alleged infringement of the allegedly copyrighted work(s).

**TWELFTH AFFIRMATIVE DEFENSE**
**(Actual Damages are Improper)**

12. As their Twelfth Affirmative Defense, Defendants allege, upon information and belief, that Plaintiff is not entitled to any alleged actual damages because Plaintiff cannot objectively prove that it is entitled to its alleged actual damages for Defendants' alleged infringement of the alleged copyrighted brief(s) because Plaintiff cannot show that the fair market value of its brief(s) has been diminished because the Defendants' alleged infringement has adversely affected Plaintiff's ability to exercise the exclusive rights of its brief(s) granted in § 106 of the Copyright Act.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Defenses)**

13. As its Thirteenth Affirmative Defense, Defendants allege that it does not have sufficient information upon which to form a belief as to whether it may have additional, and as yet unstated affirmative defenses available relating to Plaintiff's alleged copyrighted brief(s), and reserve the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate they are proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues so triable.

Dated: March 25, 2015

Respectfully submitted,

K. Tom Kohan, Esq.
**KOHAN LAW FIRM**
Attorneys for Defendants
Ezra Sutton, P.A. and Ezra Sutton

cc: Ezra Sutton, Esq.
**Ezra Sutton & Associates, P.A.**
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, New Jersey 07095
Telephone: (732) 634-3520
Facsimile: (732) 634-3511
Email: esutton@ezrasutton.com