K. Tom Kohan, Esq.; SBN: 225420
KOHAN LAW FIRM
515 South Figueroa Street, Suite 1200
Los Angeles, California 90071
Tel: (310) 349-1111 Fax: (888)476-7010
Email: tom@kohanlawfirm.com

Ezra Sutton, Esq.
**Ezra Sutton & Associates, P.A.**
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, New Jersey 07095
Telephone: (732) 634-3520
Facsimile: (732) 634-3511
Email: esutton@ezrasutton.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EZRA SUTTON, P.A., a New Jersey Professional Corporation; and EZRA SUTTON, an individual,<br><br>Defendants. | Case No.: 2:15-cv-01395-TJH-JC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER AMENDING PRETRIAL ORDER AND TO ASSERT FAIR USE DEFENSE**<br><br>Hon. Terry J. Hatter, Jr.<br><br>Motion Date: April 25, 2016<br>Time: UNDER SUBMISSION<br><br>Final PTC: March 28, 2016<br>Trial Date: Not Set |

1

## TABLE OF CONTENTS

Page No.

I. INTRODUCTION.................................................4

II. THE FACTORS TO CONSIDER.....................................4

III. FEDERAL RULES OF CIVIL PROCEDURE............................4

IV. LEAVE TO AMEND SHOULD BE FREELY GIVEN.......................5

V. THE FAIR USE DEFENSE........................................6

## TABLE OF AUTHORITIES

Page No.

*Foman v. Davis*,
    371 U.S. at 182 .................................................. 5

*Galdamez v. Potter*,
    415 F.3d 1015 (9th Cir. 2005) ................................ 4

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d at 608 ................................................. 5

*United States v. First Nat. Bank of Circle*,
    652 F.2d 882 (9th Cir. 1981) ................................. 5

*Hollander v. Steinberg*,
    419 Fed.Appx. 44 (2011) ..................................... 7

## OTHER AUTHORITIES

Moore's Federal Practice .............................................. 5

Rule 15(a) of F.R.C.P ................................................ 5

Rule 16(b)(4) ........................................................ 4

## MEMORANDUM OF LAW

### I. INTRODUCTION

Defendants move to amend the Pre-Trial Order filed on February 25, 2016 in order to assert FAIR USE as an additional defense to this copyright action. The Copyright Act provides a specific exclusion for using copyrighted works in judicial proceedings.

### II. THE FACTORS TO CONSIDER

The factors for the Court to consider in amending a Pre-Trial Order are: (i) there is no **prejudice** to Plaintiff since complete discovery of the facts has been conducted by Plaintiff, and no additional discovery as to the facts are necessary; (2) the additional defense will have no impact on **the conduct of the trial**, since the current facts in the case support the defense of fair use; and (3) there is **no bad faith** by Defendants asserting this common defense of fair use. See <u>Galdamez v. Potter</u>, 415 F.3d 1015, 1020 (9th Cir. 2005).

Based on additional research of copyright law, it has now become apparent that Defendants have a right to assert a fair use defense to copyright infringement in the context of submitting copyrighted material in the underlying judicial proceeding.

### III. FEDERAL RULES OF CIVIL PROCEDURE

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the Judge's consent." If the Court refuses to permit the fair use defense, it would result in **injustice to Defendants**, while allowing the defense would cause no

4

injury to the Plaintiff, and no more than a slight inconvenience to the Court. See <u>United States v. First Nat. Bank of Circle</u>, 652 F.2d 882, 887 (9th Cir. 1981).

If good cause is found, then the Court turns to Rule 15 to determine whether the amendment sought should be granted. See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d at 608.

During this case and discovery, Defendants have asserted that the use of Plaintiff's brief in a judicial proceeding did not damage the Plaintiff, and did not diminish the value of the work because it was immediately published on PACER for anyone in the public to use as soon as Plaintiff filed it with the Court.

Rule 15(a) of the F.R.C.P. provides that leave of Court "shall be freely given with extreme liberality when justice so requires. Courts should be guided by the policy favoring decisions on the merits "rather than on the pleadings or technicalities." See <u>Moore's Federal Practice</u>. In <u>Foman v. Davis</u>, 371 U.S. at 182, the Supreme Court allowed the Plaintiff to amend her complaint <u>after</u> the District Court entered judgment dismissing the complaint to **avoid abuse of discretion**.

## IV. <u>LEAVE TO AMEND SHOULD BE FREELY GIVEN</u>

A) This amendment is **not sought in bad faith**, since this additional defense of FAIR USE became apparent just prior to mediation of the case with the Magistrate Judge on March 16, 2016.

B) Also, the additional defense of fair use is **not futile** because it is a common defense asserted in copyright cases involving judicial proceedings.

5

C) Further, there is **no prejudice to Plaintiff** since the fair use defense was discussed with Plaintiff and relevant case law was provided to Plaintiff's counsel on Friday, March 11, 2016, prior to meeting with the Magistrate Judge on March 16, 2016.

D) Further, the Ninth Circuit has held that **mere delay** in seeking leave to amend is not a sufficient basis for denying a motion to amend, as distinguished from undue delay. As discussed above, no further discovery is required in order to determine the viability of the fair use defense. Also, if the fair use defense is accepted by the Court, it would not be necessary for the Court to consider damages.

## V. THE FAIR USE DEFENSE

In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use [in judicial proceedings] including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work. See 17 U.S.C. § 107.

In the Note accompanying § 107, Congress listed numerous examples of "the sort of activities the courts might regard as fair use under the circumstances," including "reproduction of a work in legislative or **judicial proceedings** or reports." House Committee on the Judiciary, H.R.Rep. No. 94-1476 (1976).

As to the first statutory factor, the purpose and character of the use of the work was in a judicial proceeding. It is noted that as soon as Plaintiff filed its brief, it is published and placed on Pacer for anyone to have access to and copy.

As to the second statutory factor, is the nature of the copyrighted work, which again was for use in a judicial proceeding which Congress regarded as fair use.

As for the third statutory factor, the court may consider the amount of the work used. Here, Defendant's purpose was to prevail in litigation, in judicial proceedings. However, as the facts show, Defendant's brief was immediately withdrawn and not used. This means that after the work was withdrawn, it was removed and was no longer in the records of the court.

As for the fourth statutory factor, which is the effect of the use of the work upon the potential market or value of the work. As stated above, it is noted that as soon as Plaintiff filed its brief, it is published and placed on Pacer for anyone to have access to and copy. Therefore, the copyrighted work does not have any value at that point. Thus, there was no damage in this case. See Hollander v. Steinberg, 419 Fed.Appx. 44 (2011).

Accordingly, the Fair Use Defense applies in this case, and there are no damages, because the copyrighted work did not have any value once Plaintiff filed it with the court, and it became public for anyone to have access to and copy.

Dated: March 25, 2016

Respectfully submitted,

KOHAN LAW FIRM

By: __/S/ K. Tom Kohan_____
K. TOM KOHAN
Attorney for Defendants

cc: Ezra Sutton