LTL ATTORNEYS LLP
 Enoch H. Liang (SBN 212324)
 enoch.liang@ltlattorneys.com
 Joe H. Tuffaha (SBN 253723)
 joe.tuffaha@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Plaintiff
NEWEGG INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>EZRA SUTTON, P.A., a New Jersey Professional Corporation, and EZRA SUTTON, an individual,<br><br>                    Defendants. | Case No.: 2:15-cv-01395-TJH-JC<br><br>**PLAINTIFF NEWEGG INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Declarations of Lee Cheng; Daniel Brean; Dana Herberholz; Enoch H. Liang; Separate Statement of Uncontroverted Material Facts and Conclusions of Law; and [Proposed] Order filed concurrently herewith]*<br><br>Hearing:<br>Date: June 6, 2016<br>Time: UNDER SUBMISSION<br>Before: Hon. Terry J. Hatter, Jr.<br>Ctrm.: 17 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEFENDANTS, THEIR COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

PLEASE TAKE NOTICE that on June 6, 2016, in Courtroom 17 of the above-entitled Court, the Honorable Terry J. Hatter, Jr. presiding, Plaintiff Newegg Inc. ("Newegg") will and hereby does move the Court for partial summary judgment ("Motion") pursuant to Federal Rule of Civil Procedure 56 on the ground that no genuine issue of fact exists as to any of the following issues:

ISSUE NO. 1 – Newegg is the owner of a valid copyright in Newegg's Draft Brief, which was registered with the United States Copyright Office on October 20, 2014 as Registration No. TXU001911314.

ISSUE NO. 2 – Newegg is the owner of a valid copyright in Newegg's Final Brief, which was registered with the United States Copyright Office on October 24, 2014 as Registration No. TX0008083428.

ISSUE NO. 3 – Defendants Ezra Sutton and Ezra Sutton, P.A. (collectively, "Sutton") are liable for infringing Newegg's valid copyright in Newegg's Draft Brief by copying such brief without permission. Infringement of Newegg's valid copyright in Newegg's Draft Brief is established by the uncontroverted facts that (1) Sutton had access to Newegg's Draft Brief; and (2) Sutton filed an infringing brief ("Defendants' First Brief")  that was substantially similar to Newegg's Draft Brief.

ISSUE NO. 4 – Sutton do not have a fair use defense because (1) such a defense is without merit because Sutton's infringing brief had the same intrinsic character and purpose as Newegg's Draft Brief; and (2) any such defense was waived because it was not raised in Sutton's Answer, Memorandum of Contentions of Law and Fact, or the submitted Final Pretrial Conference Order.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Separate Statement of Uncontroverted Material Facts and Conclusions of Law, the Declaration of Lee Cheng, the Declaration of Daniel Brean, the Declaration of Enoch H. Liang, the Declaration of Dana Herberholz, the

1  arguments of counsel, and other evidence submitted before or at the hearing on the

2  motion.

3          This Motion is made pursuant to Court order. [Dkt. 47]  This Motion is also

4  made following the conference of Newegg's counsel and Mr. Sutton, pursuant to

5  L.R. 7-3, which took place on March 28 and 29, 2016.

6

7

8

9  Dated: April 25, 2016                            LTL ATTORNEYS LLP

10                                                  By:_____

11                                                  Enoch Liang
                                                    Joe Tuffaha
12                                                  *Attorneys for Newegg Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NEWEGG INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................1

II.  STATEMENT OF UNCONTROVERTED FACTS ......................................3

III.  ARGUMENT ..............................................................................6

   A.  Legal Standard ......................................................................6

   B.  The Undisputed Facts Show that Newegg Has Asserted a Valid Prima Facie Claim for Copyright Infringement. ..................................6

      1.  Newegg Owns a Valid Copyright in Newegg's Draft Brief and Newegg's Final Brief.......................................................7

      2.  Sutton Infringed Newegg's Copyright in Newegg's Draft Brief. .10

   C.  There is No Fair Use. ..............................................................12

IV.  CONCLUSION ...........................................................................15

**NEWEGG INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................. 6

*Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620 (9th Cir.2010) ......................... 11

*Berkic, v. Crichton*, 761 F.2d 1289 (9th Cir. 1985) ................................................ 10

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)........................................................ 6

*Feist Publications, Inc. v. Rural Telephone Service Co, Inc.,*

      499 U.S. 340 (1991) ................................................................................. 7, 8

*Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985)........... 9

*Hollander v. Steinberg, et al.,* 419 Fed. Appx. 44 (2d. Cir. 2011).................... 13, 14

*Hollander v. Swindells-Donavan,* 2010 WL 844588 (E.D.N.Y. 2010) ................. 14

*Images Audio Visual Productions, Inc. v. Perini Bldg. Co., Inc.,*

      91 F. Supp. 2d 1075 (E.D. Mich. 2000)................................................... 9, 13

*In re Cellular 101, Inc.,* 539 F.3d 1150 (9th Cir.2008)........................................... 15

*Jartech v. Clancy,* 666 F.2d 403 (9th Cir. 1982)............................................. 12, 14

*Kamar Intern, Inc. v. Ross Berrie and Co.*, 657 F.2d 1059 (9th Cir. 1981) ............. 7

*Keshish v. Allstate Ins. Co.*, 959 F. Supp. 2d 1226 (C.D. Cal. 2013) ...................... 6

*Key Publications, Inc. v. Chinatown Today Publ'g Enter. Inc.,*

      945 F.2d 509 (2d. Cir. 1991)........................................................................ 9

*North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031 (9th Cir. 1992) ......... 7, 9

*Oasis Pub. Co. v. West Pub. Co.*, 924 F. Supp. 918 (D. Minn. 1996) ...................... 9

*Ross v. Miller's Rexall Drugs, Inc.*, 1990 WL 314290 (Ga. Super. Ct. 1990) ........ 13

*S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081 (9th Cir. 1989)...................................... 6

*Smith v. Jackson*, 84 F.3d 1213 (9th Cir. 1996) ....................................................... 7

*Three Boys Music Corp.*, 212 F.3d 477, 486 (9th Cir. 2000)................................... 11

*United Fabrics Inter., Inc. v. C&J Wear, Inc.,* 630 F.3d 1255 (9th Cir. 2011) ........ 7

*West Pub. Co. v. Mead Data Central, Inc.*, 799 F.2d 1219 (8th Cir. 1986)............... 9

*White, et al. v. West Publishing Corporation, et al.,*

      Case No. 1:12-cv-01340-JSR (S.D.N.Y. 2012) ..................................... 10, 13

**Statutes**

17 U.S.C. § 410.................................................................................................7

Fed. R. Civ. P. 8..............................................................................................15

Fed. R. Civ. P. 56............................................................................................15

**Other Authorities**

Ninth Circuit Manual of Model Jury Instructions (7th ed.),

      Instruction No. 17, 18...............................................................................12

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Newegg Inc. ("Plaintiff" or "Newegg") respectfully submits the following Memorandum of Points and Authorities in support of its Motion for Partial Summary Judgment ("Motion").

## I.    INTRODUCTION

This is an action for copyright infringement brought by Newegg against Ezra Sutton and Ezra Sutton, P.A. (collectively, "Sutton" or "Defendants").

The facts of this case are uncontroverted and have been stipulated to by the Parties.  Sutton, in egregious fashion, copied Newegg's draft legal brief, almost verbatim, and then filed the brief as his own before Newegg could file it with the Federal Circuit.  Sutton did so notwithstanding the fact that he expressly promised in writing not to, so that he could convince Newegg to send him its draft brief, supposedly for "reference and resource purposes."  Newegg initially offered Sutton to allow him to share in its work product for half the fees Newegg incurred – but Sutton refused to pay anything, instead opting to steal Newegg's work product.  To this day, Sutton has not apologized to Newegg.

Sutton's actions jeopardize the integrity of the legal profession.[1]  The law is rooted in language, and clients pay their attorneys large sums of money in order to express arguments in a fashion that is persuasive to judges and juries.  While legal doctrines are objective, there is often a subjective element to any case (the story of the case) that intertwines with the governing legal framework.  The words that are chosen, and the way those words are structured, is vital to how effective a lawyer is in persuading the court that his or her client is right.  Lawyers are not robots, and law is not purely mechanical – there is a large degree of expression that underlies most legal briefs and arguments.    A lawyer who substantially copies another lawyer's/litigant's expression violates his or her duty of candor to the court and

---

[1] While lawyers may from time to time draw upon case decisions and filed briefs regarding recitations of law, statements of fact, or procedural histories, the extent of verbatim copying here by Sutton is unprecedented.

**NEWEGG INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1   degrades the legal profession as a whole, in addition to harming the lawyer/litigant

2   whose expression was ripped off.

3       A plain reading of the Copyright Act provides that authors, including litigants

4   and their lawyers, own the copyrights to their original works of authorship, and

5   enjoy copyright protection the moment those original works are created.  The United

6   States Supreme Court, in fact, has held that the vast majority of works contain the

7   extremely low requisite level of originality/creativity necessary to place that work

8   within the protection of the Copyright Act.   There is no authority, case law or

9   otherwise, that holds that legal briefs do not meet the Copyright Right Act's

10  extremely low threshold for originality.   In fact, courts have regularly found

11  functional works to contain copyrightable elements, including yellow-pages

12  directories, databases, and exhibits used in judicial proceedings.  Moreover, the law

13  is clear that when a work is registered with the Copyright Office, as is the case with

14  the works at issue in this litigation, such registration constitutes *prima facie* evidence

15  of the validity of the copyrights in such works.  The defendant then has the burden of

16  rebutting this presumption by submitting competent evidence showing the contrary.

17  Here, not only has Sutton failed to rebut the presumption of validity of Newegg's

18  copyrights, he has in fact stipulated to their validity and registration.

19      Nor is there any authority that holds that a legal brief loses its copyright

20  protection once it is filed with a court and is thereby accessible by the public.  Such

21  an argument would lead to the absurd result that books held in a public library would

22  lose their copyright protection.

23      Therefore, based on the foregoing, and as will be discussed in detail *infra,* the

24  undisputed evidence shows that Sutton infringed Newegg's valid copyrights in its

25  original legal briefs.  Hence, Newegg is thus entitled to either statutory or actual

26  damages to be proven at trial.

27

28

**NEWEGG INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## II.   STATEMENT OF UNCONTROVERTED FACTS

The below facts are largely stipulated to in the parties' Memoranda of Contentions of Law and Fact and in the Proposed Final Pretrial Conference Order.

**Background:**  Newegg is the second-largest online-only retailer in the United States, and sells various products through newegg.com and other websites. (Undisputed Fact ("UF"), Nos. 1, 18, 36, 65.)  For several years, Newegg has been subjected to numerous lawsuits for alleged patent infringement by patent trolls and other entities that Newegg believes abuse the patent laws by targeting end-users and resellers of technology.   (UF, Nos. 2, 19, 37, 66.)   Newegg routinely and aggressively defends itself from patent infringement suits that it believes to be meritless and abusive in nature and incurs considerable expenses in attorney's fees, costs, and other resources to defend itself from meritless lawsuits. (UF, Nos. 3, 20, 38, 67.)

In July 2010, Newegg, Newegg.com, Inc., and Rosewill, Inc. (collectively, "the Newegg Companies"), along with Sakar International, Inc. ("Sakar") and 56 other defendants, were sued by Adjustacam, LLC ("Adjustacam") in the U.S. District Court for the Eastern District of Texas for alleged patent infringement ("the Adjustacam Litigation").  (UF, Nos. 4, 21, 39, 68.)  All defendants other than the Newegg Companies and Sakar settled with Adjustacam well before trial and were dismissed.  All defendants other than the Newegg Companies and Sakar settled with Adjustacam well before trial and were dismissed.  (UF, Nos. 5, 22, 40, 69.)  Sutton represented Sakar in the Adjustacam Litigation.  (UF, Nos. 6, 23, 41, 70.)

Both the Newegg Companies and Sakar ultimately prevailed in the District Court and moved for attorneys' fees and costs pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1920.  (UF, Nos. 7, 24, 42, 71.)  The District Court ultimately denied the requests and both the Newegg Companies and Sakar *separately* appealed to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") (the "Adjustacam Appeal").  (UF, Nos. 8, 25, 43, 72.)  Newegg then began drafting its appeal brief. (UF, No. 9, 26, 44, 73.)  The opening appeal briefs of Newegg and Sakar were due

1  on September 25, 2014.  (UF, Nos. 45, 74)

2      **Sutton's Egregious (And Undisputed) Copying of Newegg's Briefs:**  On

3  September 16, 2014, a little more than a week before Sakar's appeal brief was due,

4  Sutton contacted Newegg's outside counsel concerning the Adjustacam Appeal and

5  asked Newegg's outside counsel if Newegg "need[ed] any sections from Sakar in

6  order to prepare Sakar's section of the appeal brief." (UF, Nos. 46, 75.)  At the time

7  of Sutton's September 16, 2014 email, there was no agreement or understanding in

8  place between Newegg and Sakar to share costs, attorneys, or work product in

9  connection with the Adjustacam Appeal.  (UF, Nos. 47, 76.)

10      Newegg sent an email to Sutton thereafter on September 16, 2014, stating,

11  *inter alia*, "To the extent that Sakar is interested in sharing work and costs, I expect

12  Sakar to fund fully half the costs of the work and at this point, given the amount of

13  work put in by Newegg and its outside counsel to prepare a compelling brief and oral

14  argument, to minimize its editorial contribution."  (UF, Nos. 48, 77.)  Sutton

15  declined Newegg's offer to share fees and costs in exchange for sharing in Newegg's

16  work product.  (UF, Nos. 49, 78.)  Subsequently, Newegg and Sutton agreed that

17  Newegg would provide Sutton a draft *only if* Sutton agreed in writing that they

18  would keep Newegg's Draft Brief strictly confidential *and* would not copy any

19  excerpts from Newegg's Draft Brief *and* that they would utilize Newegg's Draft

20  Brief only for "reference and resource purposes".  (UF, Nos. 50, 79.)  Upon

21  receiving Sutton's written confirmation, Newegg sent Newegg's Draft Brief to

22  Sutton on September 18, 2014.  (UF, Nos. 51, 80.)

23      Shockingly, on September 24, 2014—one day before Newegg filed its

24  opening appellate brief—Sutton filed an opening appellate brief on behalf of Sakar

25  ("Defendants' First Brief") that was ***virtually identical*** to Newegg's Draft Brief.

26  (UF, Nos. 52, 53, 81, 82.)  Sutton copied the vast majority of Newegg's Draft Brief,

27  including its original constituent elements, even though they knew that they had no

28  right to copy or distribute/disseminate such brief. (UF, Nos. 54, 83.)

    After Newegg discovered Suttons' egregious conduct and confronted them,

**NEWEGG INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Sutton moved to withdraw Defendants' First Brief, and filed a shorter, revised appeal brief on behalf of Sakar ("Defendants' Second Brief") on October 15, 2014 that ***still included*** a considerable amount of material copied from Newegg's Draft Brief. (UF, Nos. 55, 56, 84, 85.) Newegg's Draft Brief was substantially similar to the brief Newegg ultimately filed with the Federal Circuit on September 25, 2014 ("Newegg's Final Brief"). (UF, No. 27.) Sutton was never given permission, or granted a license, implied or otherwise, to copy any material from Newegg's Draft Brief or Newegg's Final Brief in Defendants' Second Brief. (UF, No. 86.)

Newegg's Draft Brief and Newegg's Final Brief were authored by Newegg, the Webb Law Firm, P.C., Latham & Watkins LLP, Weil, Gotshal & Manges LLP, and McDermott Will & Emery LLP (collectively, "the Authors"). (UF, Nos. 10, 28, 57, 87.)  Newegg's Draft Brief was registered with the United States Copyright Office on October 20, 2014 as Registration No. TXU001911314. (UF, Nos. 12, 59, 89.) Newegg's Final Brief was registered with the United States Copyright Office on October 24, 2014 as Registration No. TX0008083428.  (UF, No. 30.)  Both registration certificates state that Newegg (in addition to Webb Law Firm, P.C., Latham & Watkins LLP, Weil, Gotshal & Manges LLP, and McDermott Will & Emery LLP) is the Author and the Copyright Claimant. (UF, Nos. 13, 31, 60, 90.) The Webb Law Firm, P.C., Latham & Watkins LLP, Weil, Gotshal & Manges LLP, and McDermott Will & Emery LLP have all assigned to Newegg their copyrights (and claims for copyright infringement) in Newegg's Draft Brief and Newegg's Final Brief.  (UF, Nos. 14-17, 32-35, 61-64, 91-94.)

Newegg's Draft Brief and Newegg's Final Brief are original works of authorship that present legal argument, policy justifications, and a summary of the Adjustacam Litigation in a manner uniquely attributable to Newegg and its outside counsel.  (UF, Nos. 11, 29, 58, 88.)  Sutton's infringement of Newegg's copyrights in the Newegg Draft Brief and the Newegg Final Brief was unethical, egregious, and willful.  (UF, No. 95.)

## III.    ARGUMENT

### A. Legal Standard

A motion for summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Keshish v. Allstate Ins. Co.*, 959 F. Supp. 2d 1226, 1232 (C.D. Cal. 2013) (quoting Fed. R. Civ. Proc. 56).  An issue is "genuine" if there is evidence produced that would allow a reasonable jury to reach a verdict in favor of the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if the fact may affect the outcome of the case.  *Id*. at 248.

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Keshish*, 959 F. Supp. 2d at 1232; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  On issues as to which the nonmoving party will have the burden of proof, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case.  *Id.*  If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)); *see also* Fed. R. Civ. P. 56(e)(2).

### B. The Undisputed Facts Show that Newegg Has Asserted a Valid Prima Facie Claim for Copyright Infringement.

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying[2] of constituent elements of the work that are original."  *Feist Publications, Inc. v. Rural Telephone Service Co, Inc*., 499 U.S.

---

[2] According to The Manual of Model Jury Instructions: "The Ninth Circuit considers the word 'copying' as 'shorthand' for the various activities that may infringe 'any of the copyright owner's . . . exclusive rights set forth in 17 U.S.C. § 106.'" (citing *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1085 n.3 (9th Cir. 1989)).

1   340, 361 (1991).  "Because direct evidence of copying is not available in most cases,

2   [a] plaintiff may establish copying by showing that defendant had access to

3   plaintiff's work and that the two works are 'substantially similar' in idea and in

4   expression of the idea."  *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996).

5        Here, the undisputed facts show that Newegg owns a valid copyright in

6   Newegg's Draft Brief, that Sutton had access to Newegg's Draft Brief, and that

7   Sutton copied original elements of Newegg's Draft Brief, in that Defendants' First

8   Brief is substantially similar (if not virtually identical) to Newegg's Draft Brief.

9   **1.  Newegg Owns a Valid Copyright in Newegg's Draft Brief and**

10  **Newegg's Final Brief.**

11        "A copyright registration is 'prima facie evidence of the validity of the

12  copyright and the facts stated in the certificate." *United Fabrics Inter., Inc. v. C&J*

13  *Wear, Inc.,* 630 F.3d 1255, 1257 (9th Cir. 2011) (citing 17 U.S.C. § 410(c)).

14  The defendant has the burden to rebut this presumption of validity by introducing

15  competent evidence to the contrary.  *Id.*  The presumption may be rebutted by a

16  showing on the part of the defendant that the plaintiff's work is not original, as

17  originality is the indispensable prerequisite for copyrightability. *North Coast Indus.*

18  *v. Jason Maxwell, Inc*., 972 F.2d 1031, 1033 (9th Cir. 1992) (citing *Kamar Intern,*

19  *Inc. v. Ross Berrie and Co*., 657 F.2d 1059, 1061 (9th Cir. 1981)).  The originality

20  requirement, however, does not mean that the copyright must represent something

21  "entirely new under the sun" nor is a large degree of novelty required. *Id*. Rather, all

22  that is needed is that the author contributed something more than a "merely trivial"

23  variation, something recognizably "his own." *Id.*  "Originality [in the context of

24  copyrights] 'means little more than a prohibition of actual copying.'" *Id.*

25        Here, Newegg holds a valid copyright registration certificate for Newegg's

26  Draft Brief, as well as Newegg's Final Brief, and Sutton has stipulated to this.  *See*

27  Declaration of Enoch H. Liang ("Liang Decl."), Ex. A (Final Pretrial Conference

28  Order, Stipulated Facts on p. 3, ¶¶(q),(r).)  Newegg's Draft Brief and Newegg's

Final Brief were authored by Newegg, the Webb Law Firm, P.C., Latham &

Watkins LLP, Weil, Gotshal & Manges LLP, and McDermott Will & Emery LLP (collectively, "the Authors"). (UF, Nos. 10, 28, 57, 87.) Newegg's Draft Brief was registered with the United States Copyright Office on October 20, 2014 as Registration No. TXU001911314. (UF, Nos. 12, 59, 89.) Newegg's Final Brief was also registered with the United States Copyright Office on October 24, 2014 as Registration No. TX0008083428. (UF, No. 30.) Both registration certificates for Newegg's Draft Brief and Newegg's Final Brief state that Newegg (in addition to the Webb Law Firm, P.C., Latham & Watkins LLP, Weil, Gotshal & Manges LLP, and McDermott Will & Emery LLP) is the Author and the Copyright Claimant. (UF, Nos. 13, 31, 60, 90.) The Webb Law Firm, P.C., Latham & Watkins LLP, Weil, Gotshal & Manges LLP, and McDermott Will & Emery LLP have all assigned to Newegg their copyrights (and all claims for copyright infringement) in Newegg's Draft Brief and Newegg's Final Brief to Newegg. (UF, Nos. 14-17, 32-35, 61-64, 91-94.)

Because Newegg has registered Newegg's Draft Brief and Newegg's Final Brief with the Copyright Office, Sutton must rebut the presumption that Newegg has a valid copyright in Newegg's Draft Brief. Sutton though has already stipulated to Newegg's copyright registrations in Newegg's Draft Brief and Newegg's Final Brief. *See* Liang Decl., Ex. A [Final Pretrial Conference Order] ("Stipulated Facts") at p. 3, ¶¶(q)-(r).)

Additionally, at the final pretrial conference, Sutton conceded that a legal brief may contain original elements that are copyrightable.[3] The Supreme Court, in fact, has held that the vast majority of works contain the extremely low requisite level of creativity necessary to place that work within the protection of the Copyright Act, and that unless a work is copied, it will suffice. *Feist Publications, Inc.*, 499 U.S. at 345 ("Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works),

---

[3] Counsel for Plaintiff is awaiting the expedited transcript of the final pretrial conference.

**NEWEGG INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

and that it possesses at least some minimal degree of creativity. [Citation] To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be."). The Ninth Circuit has similarly held that "[o]riginality [in the context of copyrights] 'means little more than a prohibition of actual copying.'" *North Coast Indus.*, 972 F.2d at 1033.

Here, the undisputed facts show that Newegg's Draft Brief and Newegg's Final Brief were not copied from another source – rather they are original works of authorship that present legal argument, policy justifications, and a summary of the Adjustacam Litigation in a manner uniquely attributable to Newegg and its outside counsel.  (UF, Nos. 11, 29, 58, 88.)

Finally, there is no authority, case law or otherwise, that holds that legal briefs do not meet the Copyright Right Act's extremely low threshold for originality. According to the United States Supreme Court, "[c]reation of a nonfiction work, even a compilation of pure fact, entails originality." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547 (1985) (finding excerpts from President Ford's presidential memoirs to be copyrightable).  In fact, courts have regularly found functional works to contain copyrightable elements, including yellow-pages directories, databases, and exhibits used in judicial proceedings.  *See Key Pub'ns, Inc. v. Chinatown Today Pub'g Enter. Inc.,* 945 F.2d 509 (2d. Cir. 1991) (sustaining copyrightability of the yellow pages of a telephone directory for New York's Chinese-American community); *Images Audio Visual Prod.s, Inc. v. Perini Co., Inc.,* 91 F.Supp.2d 1075 (E.D. Michigan 2000) (finding defendant infringed plaintiff's copyrights in photos that defendant attached, without permission, as exhibits in an arbitration proceeding); *Oasis Pub. Co. v. West Pub. Co.*, 924 F. Supp. 918 (D. Minn. 1996) (upholding copyrightability of arrangement of cases in West's Southern Reporter (relying on *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d

1219 (8th Cir. 1986), cert. denied, 479 U.S. 1070 (1987)) and finding that defendant's use of star pagination to West page numbers was infringement).

Indeed, at least one court, has implicitly found that legal briefs are copyrightable. In *White, et al. v. West Publishing Corporation, et al.*, Case No. 1:12-cv-01340-JSR (S.D.N.Y. 2012) the court dealt with a putative class action lawsuit whereby plaintiff lawyers sued West Publishing Corporation ("West") and Lexis for copyright infringement including their legal briefs in searchable legal research databases. The court ultimately granted the defendants' motion for summary judgment based on fair use. *Id.,* Liang Decl., Ex. E [*White, et al. v. West Publishing Corp., et al.,* ("Memorandum and Order")].  In reaching the defendants' fair use defense, the court implicitly found that legal briefs are copyrightable.

Nor is there any authority that holds that a legal brief loses its copyright protection once it is filed with a court and is thereby accessible by the public.  Such an argument would lead to the absurd result that a book held in a public library would lose its copyright protection.

Ultimately, Newegg has a presumptively valid copyright in Newegg's Draft Brief and Newegg's Final Brief based on its registrations, and Sutton has not and cannot rebut this presumption.

## 2.  Sutton Infringed Newegg's Copyright in Newegg's Draft Brief.[4]

To successfully pursue a copyright infringement claim, a plaintiff must, in addition to showing it has a valid copyright, establish (1) the defendant's access to the copyrighted work, and (2) substantial similarity between the copyrighted work and the allegedly infringing material.  *Berkic v. Crichton*, 761 F.2d 1289, 1291-92 (9th Cir. 1985).

### a.  Sutton had Access to Newegg's Draft Brief.

It is undisputed (and Sutton has stipulated as such) that Sutton had access to

---

[4] For purposes of this motion, Newegg only seeks partial summary judgment as to Sutton's infringement of Newegg's Draft Brief.  Newegg, however, does not waive its right to pursue infringement by Sutton of Newegg's Final Brief at trial.

Newegg's Draft Brief.   (UF, Nos. 51, 80; Liang Decl., Ex. A [Final Pretrial Conference Order] ("Stipulated Facts") at p. 3, ¶5(l).)  During the appellate briefing process, Sutton asked Newegg for a draft of Newegg's Draft Brief.  (UF, Nos. 50, 79.)  Newegg agreed to provide Sutton Newegg's Draft Brief **only if** Sutton agreed in writing that they would not copy from Newegg's Draft Brief, would keep it strictly confidential **and** would utilize Newegg's Draft Brief only for "reference and resource purposes".  (*Id*.)  Upon receiving Sutton's written confirmation of the agreement between Newegg and Sutton, Newegg sent Newegg's Draft Brief to Sutton on September 18, 2014.  (UF, Nos. 51, 80.)  Accordingly, Sutton clearly had access to Newegg's Draft Brief.

### b. Defendants' First Brief and Newegg's Draft Brief are Substantially Similar (if not Virtually Identical).

Substantial similarity is inextricably linked to the issue of access.  According to The Manual of Model Jury Instructions: "In the Ninth Circuit, the access and substantial similarity elements of infringement are "inextricably linked" by an inverse ratio rule." Ninth Circuit Manual of Model Jury Instructions (7th ed.), Instruction No. 17.16.  "Under the 'inverse ratio' rule, if a defendant had access to a copyrighted work, the plaintiff may show infringement based on a lesser degree of similarity between the copyrighted work and the allegedly infringing work." *Benay v. Warner Bros. Entm't, Inc*., 607 F.3d 620, 625 (9th Cir.2010); *see also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000) (stating that rule "requires a lesser showing of substantial similarity if there is a strong showing of access" but noting that "[w]e have never held . . . the inverse . . . [that] a weak showing of access requires a stronger showing of substantial similarity.")

Here, access is uncontroverted (UF, Nos. 51, 80.) and therefore Newegg has a "lesser showing of substantial similarity" between Newegg's Draft Brief and Defendant's First Brief.  Regardless, the showing of "substantial similarity"[5] is

---

5 The Ninth Circuit, for certain types of work, has utilized an intrinsic/extrinsic analysis for establishing "substantial similarity".  Ninth Circuit Manual of Model

1    easily met here because on September 24, 2014—nearly a week after Sutton had

2    received a copy of Newegg's Draft Brief—Sutton filed Defendant's First Brief,

3    which was **_virtually identical_** to Newegg's Draft Brief.  (UF, Nos. 52, 53, 81, 82;

4    Declaration of Daniel Brean ("Brean Decl."), Ex. K [Red-lined comparison of

5    Newegg's Draft Brief and Defendant's First Brief].)  Sutton copied the vast majority

6    of Newegg's Draft Brief, including its original constituent elements.  (UF, Nos. 54,

7    83.)

8           Accordingly, substantial similarity is easily meet in this case.

9           **C. There is No Fair Use.** [6]

10          In an array of cases dealing with copyright infringement of works within the

11   context of judicial proceedings, the analysis has not hinged on whether or not the

12   works are copyrightable, but instead whether or not there is fair use.  According to

13   the Ninth Circuit, the fair use defense has four analytical factors: "(1) the purpose

14   and character of the use, including whether such use is commercial or nonprofit; (2)

15   the nature of the copyrighted work; (3) the amount of copying involved; and, (4) the

16   effect of the copying on the market of the copyrighted work." _See Jartech v. Clancy,_

17   666 F.2d 403, 406-07 (9th Cir. 1982).  The first factor of the fair use analysis – the

18   purpose and character of the use – is decisive.  _Id._ at 407 (dealing with question of

19   ——————————————————————————————

20   Jury Instructions (7th ed.), Instruction No. 17.18.  However, according to the
     Manual of Model Jury Instructions, "The Committee recommends that the court and

21   counsel specifically craft instructions on substantial similarity based on the
     particular work(s) at issue, the copyright in question, and the evidence developed at

22   trial."

23

24          The Manual of Model Jury Instructions then goes on to list examples of
     different manifestations of the analysis for different types of works : "Literary or

25   Dramatic Works"; "Musical Compositions"; "Computer Programs and Similar
     Technology"; "Motion Picture, Television Production, or Copyrighted Script",

26   "Other than Dramatic or Literary Works".  However, no example, or specific mode

27   of analysis, pertains to non-fiction works like Newegg's Draft Brief.  (_Id._)

28   [6] It must be noted that Sutton has waived any fair use argument because they failed
     to raise fair use as a defense in their Answer and in the Proposed Final Pretrial
     Conference Order.  (UF, Nos. 96-98.)

copyright infringement of a work within context of judicial proceeding and stating that "when the use made by the alleged infringer was the same intrinsic use to which the copyright holders expected protection from unauthorized use, such a finding is strong indicia of finding of no fair use.")

In line with the Ninth Circuit's emphasis on the first factor of the fair use analysis, as set forth in *Jartech, courts* have found fair use is not triggered where, as here, a work has been specifically created for use in litigation, and the infringing work is not transformative. *See Images Audio Visual*, 91 F. Supp. 2d 1075, 1081 (E.D. Mich. 2000) (finding copyright infringement where copyrighted photographs were submitted in an arbitration proceeding because defendant used the copyrighted photos "for precisely the same purpose – or, at a minimum, for one of the same purposes – as the photos themselves were intend to serve" namely for evidence in a judicial proceeding); *Ross v. Miller's Rexall Drugs, Inc*., 1990 WL 314290, at *1-2 (Ga. Super. Ct. 1990) (finding no fair use for infringement of copyrighted photographs used as demonstrative evidence in a lawsuit because "copying of [photograph negatives] is a complete usurpation of [plaintiff's] work" and the negatives were sought merely to "save the time and expense incurred by the copyright owner"); *Cf. White, et al., supra* [Liang Decl., Ex. E ("Memorandum and Order")] (finding fair use because "West and Lexis's use of the briefs was transformative" for two reasons: first, while the plaintiff created the briefs "solely for the purpose of providing legal services to his clients and securing specific legal outcomes"  West and Lexis "used the brief [sic] toward the end of creating an interactive legal research tool" and second, West and Lexis's processes of reviewing, selecting, converting, coding, linking, and identifying the documents "add[] something new, with a further purpose or different character" than the original briefs).

At the Final Pretrial Conference, Sutton made much of an unpublished Second Circuit Case, entitled *Hollander v. Steinberg, et al.,* 419 Fed. Appx. 44 (2d. Cir. 2011), where the court found fair use with respect to essays utilized in a judicial

NEWEGG INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

proceeding.  However, *Hollander* actually supports the proposition that there is no fair use in the instant action.  As summarized in detail in the District Court's ruling in *Hollander,* the works at issue in that case were essays the plaintiff, a lawyer, had written "conveying his aggressively anti-'Feminazi' world view".  *Hollander v. Swindells-Donavan,* 2010 WL 844588, at * 1(E.D.N.Y. 2010).  The defendant, also a lawyer, had attached the essays to her opposition to the plaintiff's motion to disqualify a female judge, in an underlying proceeding, to show that the disqualification motion was without merit and that plaintiff was  "challenging [the Judge's] impartiality simply because she is female, not biased." *Id.*  The *Hollander* court found the first factor of the fair use analysis – "purpose and character of the use" – to be "decisive" because the defendant "introduced the Essays into the judicial proceeding only as evidence of the workings of [plaintiff's] mind; she did not attempt to produce a comparable or derivative work, nor did she use the Essays for their expressive content." *Id.* at * 4. The Second Circuit ultimately upheld the District Court's ruling and mode of analysis. *See Hollander,* 419 Fed. Appx. at * 4 ("We conclude that the district court applied the statutory factors set out in 17 U.S.C. § 107 and correctly determined that Steinberg's use of Den Hollander's essays was a fair use.")

Here, in contrast to the facts in *Hollander*, Defendants' First Brief was utilized for the same intrinsic use as Newegg's Draft Brief – namely, both were utilized as legal briefs to convince the Federal Circuit to award attorney's fees - and thus there can be no fair use. *See Jartech, supra,* 666 F.2d at 407 ("when the use made by the alleged infringer was the same intrinsic use to which the copyright holders expected protection from unauthorized use, such a finding is strong indicia of finding of no fair use.")

Based on the foregoing, it is clear that fair use is inapplicable because: (1) the use made by Sutton of Defendants' First Brief was the same intrinsic use to which Newegg's Draft Brief was created; and (2) Sutton never raised fair use as a defense in their Answer, Memorandum of Contentions of Fact and Law, or the Final Pretrial

1  Conference Order and thus the defense is waived. *See In re Cellular 101, Inc.,* 539

2  F.3d 1150, 1155 (9th Cir.2008) (holding that the failure to properly raise an

3  affirmative defense in the defendant's answer waives that defense); Fed. R. Civ. P.

4  8(b), (c).

5  **IV.   CONCLUSION**

6        Based on the foregoing, Newegg respectfully requests that the Court grant its

7  Motion and adjudge that: (1) Newegg is the copyright owner of a valid copyright in

8  Newegg's Draft Brief; (2) Newegg is the copyright owner of a valid copyright in

9  Newegg's Final brief; (3) Sutton infringed Newegg's copyright in Newegg's Draft

10  Brief when they copied Newegg's Draft Brief, without permission; and (4) Sutton

11  have no valid fair use defense.

12

13  Dated: April 25, 2016                    LTL ATTORNEYS LLP

14                                            By:_____

15                                               Enoch Liang

16                                               Joe Tuffaha
                                                 *Attorneys for Newegg Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

**NEWEGG INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**