K. Tom Kohan, Esq.; SBN: 225420
**KOHAN LAW FIRM**
445 South Figueroa Street, 27th Floor
Los Angeles, California 90071
Telephone: (310) 349-1111
Fax: (213) 612-7715
Email: tom@kohanlawfirm.com

Ezra Sutton, Esq.
**Ezra Sutton & Associates, P.A.**
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, New Jersey 07095
Telephone:  (732) 634-3520
Facsimile:  (732) 634-3511
Email: esutton@ezrasutton.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EZRA SUTTON, P.A., a New Jersey Professional Corporation; and EZRA SUTTON, an individual,<br><br>Defendants. | Case No.: 2:15-cv-01395-TJH-JC<br><br>**DEFENDANTS'<br>MEMORANDUM<br>IN OPPOSITION TO<br>PLAINTIFF'S MOTION FOR<br>PARTIAL SUMMARY<br>JUDGMENT**<br><br>Date: June 6, 2016<br>Time: UNDER SUBMISSION<br>Before: Hon. Terry J. Hatter, Jr.<br>Crtrm: 17 |

0

# TABLE OF CONTENTS

Page No.

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.   RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

III.   SUMMARY JUDGMENT STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   DEFENDANTS' TRANSFORMATIVE USE
OF PLAINTIFF'S BRIEF, WITH NO
PROSPECT OF MARKET HARM,
IS FAIR USE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.   Factor One:  The Nature and Purpose
Of the Use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

        1.   Defendants' Use was Transformative . . . . . . . . . . . . . . . . . . . . . 6

    B.   Factor Four:  The Effect of the Use on the
Potential Market for or Value of the
Copyrighted Work . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C.   Factor Two:  The Nature of the Copyrighted
Work . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

    D.   Factor Three:  The Amount and Substantiality
of the Use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 12

V.   IN THE ALTERNATIVE, DEFENDANTS
ARE ENTITLED TO JUDGMENT ON
PLAINTIFF'S CLAIMS FOR ACTUAL
DAMAGES, STATUTORY DAMAGES,
AND ATTORNEYS FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    A.   Plaintiff Cannot Show Any Actual Damages . . . . . . . . . . . . . . . . . . . . .13

    B.   Plaintiff Is Not Eligible to Receive Statutory
Damages or Attorneys' Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Am. Geophysical Union v. Texaco,*
    60 F.3d 913 (2d Cir. 1994)…………………………………………………………8

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986)……………………………………………………………...2

*Authors Guild, Inc. v. Hathitrust,*
    No. 11 CV 63551 (HB), 2012 WL 4808939 (S.D.N.Y. Oct. 10, 2012)……4, 5

*Bill Graham Archives v. Dorling Kindersley Ltd.,*
    448 F.3d 605 (2d Cir.2006))…………………………………………………….9

*Blanch v. Koons,*
    467 F.3d (2d Cir. 2006)…………………………………………………………7

*Campbell v. Acuff-Rose Music, Inc.,*
    510 U.S. 569 (1994)……………………………………………………..2, 4, 5, 9

*Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.,*
    150 F.3d 132 (2d Cir. 1998)…………………………………………………...3

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986)……………………………………………………………...2

*Danielson, Inc. v. Winchester-Conant Properties, Inc.,*
    322 F.3d 26 (1st Cir. 2003)…………………………………………………12

*East/Defendants Venture v. Wurmfeld Assocs., P.C.,*
    722 F. Supp. 1064 (S.D.N.Y. 1989)………………………………………12

*Grundberg v. Upjohn Co.,*
    137 F.R.D. 372 (D. Utah1991)………………………………………...11, 12

*Harper & Row, Publ'rs, Inc. v. Nation Enters.,*
    471 U.S. 539, 563 (1985)……………………………………………………..8

*Kane v. Comedy Partners,*
    No. 00 Civ 158 (GBD), 2003 WL 22383387 (S.D.N.Y. Oct. 16, 2003)……...5

*Keystone Retaining Wall Sys., Inc. v. Defendantsrock, Inc.*,
   997 F.2d 1444 (Fed.Cir.1993)..............................................................2

*Kunycia v. Melville Realty Co., Inc.*,
   755 F. Supp. 566 (S.D.N.Y. 1990)........................................................12

*Leibovitz v. Paramount Pictures Corp.*,
   137 F.3d 109 (2d Cir. 1998)..............................................................6

*Maxtone Graham v. Burtchaell*,
   803 F.2d 1253 (2d Cir. 1986)............................................................8

*New Era Publ'ns Int'l v. Carol Publ'g Grp.*,
   904 F.2d 152 (2d Cir. 1990)..............................................................8

*Nunez v. Caribbean Int'l News Corp.*,
   235 F.3d 18 (1st Cir. 2000)..............................................................7

*NXIVM Corp. v. Ross Inst.*,
   364 F.3d 471 (2d Cir. 2004)..............................................................6

*Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*,
   288 F. Supp. 2d 544 (S.D.N.Y. 2003)...............................................11, 12

*Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., Int'l*,
   533 F.3d 1287 (11th Cir. 2008)..........................................................8

*RPM Mgmt., Inc. v. Apple*,
   943 F. Supp. 837 (S.D. Ohio 1996).....................................................12

*Shoptalk, Ltd. v. Concorde-New Horizon Corp.*,
   168 F.3d 568 (2d Cir. 1999).............................................................12

*Soc'y of the Holy Transfiguration Monastery, Inc. v. Archbishop Gregory of Denver*,
   689 F.3d 29 (1st Cir. 2012)............................................................12

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
   464 U.S. 417 (1984)....................................................................4, 9

*Swatch Group Mgmt. Servs. Ltd. v. Bloomberg L.P.*,
   No. 11 Civ. 1006 (AKH), 2012 WL 1759944 (S.D.N.Y. May 17, 2012)....6, 7

*Thornton v. J Jargon Co.*,
    580 F. Supp. 2d 1261 (M.D. Fla. 2008)……………………………………………...10

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
    865 F.2d 1539 (9th Cir.1989)……………………………………………………….2

*Vanderhye v. iParadigms*,
    562 F.3d 630 (4th Cir. 2009)………………………………………………………..7

*Warner Bros. Entm't Inc. v. X One X Prods.*,
    644 F.2d 584 (8th Cir. 2011)………………………………………………………12

*White v. W. Pub. Corp.*,
    29 F. Supp. 3d 396 (S.D.N.Y. 2014)……………………………………4, 7, 8, 9

**Statutes, Rules, and Authorities**             **Page(s)**

1 M.B. & D. Nimmer, *Nimmer on Copyright*, § 4.10 at 4-52 (2012)………………12

17 U.S.C. § 101……………………………………………………………………...11

17 U.S.C. § 107(2)…………………………………………………………………….8

17 U.S.C. § 107(3)…………………………………………………………………….9

17 U.S.C. § 107(4)…………………………………………………………………….6

17 U.S.C. § 412……………………………………………………………………...11

Fed. R. Civ. P. 28(i)…………………………………………………………………..5

Fed. R. Civ. P. 56(c)………………………………………………………………….2

Progress of Science and useful Arts, Art. I, sec. 8, cl. 8…………………………...2, 3

Section 107 of the Copyright Act……………………………………………………3, 5

Section 412 of the Copyright Act…………………………………………...10, 11, 12

Defendants Ezra Sutton, P.A., and Ezra Sutton (collectively "Defendants") respectfully submit this Memorandum of Law, and the Declaration of Ezra Sutton ("Sutton Decl.") in opposition to Plaintiff Newegg, Inc.'s, ("Newegg" or "Plaintiff") "Motion for Partial Summary Judgment."

## I.   INTRODUCTION

As explained below, the conduct of which Plaintiff complains – the inclusion of parts of Plaintiff's brief in Defendants' filed brief on behalf of their client Sakar International, Inc. – is clearly fair use. A finding of fair use follows inescapably from the fact that Defendants made a transformative use of Plaintiff's publicly available, non-confidential, fact-driven court filing in a manner that has no adverse impact on any market for Plaintiff's brief or on Plaintiff's incentive to file and use its brief.

Accordingly, Newegg's summary judgment motion should be denied.

## II.   RELEVANT FACTS

1)   In the case of *AdjustaCam, LLC v. Newegg, Inc.*, No. 10-329 (E.D. Tex. 2012), Plaintiff Newegg and Sakar International, Inc. (represented by the Defendants in this case) were the last two remaining co-defendants (from the original 22 defendants) that together prevailed over the plaintiff AdjustaCam LLC to invalidate AdjustaCam's patent in suit.  As a result, Newegg and Sakar worked together to file briefs in the district court for recovering their respective attorney's fees.  See Sutton Declaration, Paragraph 2.

1

2)      In the case of *AdjustaCam, LLC v. Newegg, Inc.*, Nos. 2013-1665, 2013-1666, 2013-1667 (Fed. Cir. 2015), Defendants used Plaintiff Newegg's Draft Brief as a template for filing an appeal brief on behalf of Sakar International, Inc.   See Sutton Declaration, Paragraph 3.

3)      Parts of Plaintiff's Draft Brief were derived from the District Court briefs. Parts were factual and legal.   Parts also apply to Sakar.   Defendants revised and added new parts and sections to Newegg's Draft Brief.   See Sutton Declaration, Paragraph 4.

4)      Defendants added new sections to Defendants First Brief, and substantial revisions were made.   See Sutton Declaration, Paragraph 5.

5)      Defendants moved to withdraw Defendants First Brief, and filed a shortened, revised appeal brief on behalf of Sakar.   See Sutton Declaration, Paragraph 6.

6)      There was no copyright infringement because the accused brief was withdrawn, and not used.   See Sutton Declaration, Paragraph 7.

7)      Defendants then filed a Second and Revised Brief that did not copy Newegg's Brief.   Substantial revisions were made.   See Sutton Declaration, Paragraph 8.

8)      It is Defendants' position that there is no copyright infringement because in the case of *AdjustaCam, LLC v. Newegg, Inc.*, Nos. 2013-1665, 2013-1666, 2013-1667 (Fed. Cir. 2015), Defendants were permitted to adopt Plaintiff's alleged copyrighted, opening appellate brief by reference, as a matter of law, pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure (FRAP).   In fact, Defendants did in fact use this procedure when it filed its appellate reply brief for which Plaintiff did not object to.   See

2

Sutton Declaration, Paragraph 9.

9)    It is also Defendants' position that there is no copyright infringement because the foregoing facts qualify as a "Fair Use" defense which has been addressed in detail in Defendants' opposition memorandum.  See Sutton Declaration, Paragraph 10.

**Lack of Damages and Attorney's Fees**

10)    Plaintiff Newegg registered its alleged copyrighted brief after Defendants allegedly copied Plaintiff's brief and incorporated into Defendants' brief (prepared for their client Sakar).  See Sutton Declaration, Paragraph 11.

11)    Other than filing its brief on the PACER system, Plaintiff Newegg never published their alleged copyrighted brief.  See Sutton Declaration, Paragraph 12.

12)    Defendants acted "without malice" and in "good faith," since Newegg and Sakar were co-defendants working together to prove that Adjustacam acted in bad faith to justify an award of attorney's fees.  See Sutton Declaration, Paragraph 13.

13)    Defendants acted in the good faith belief that both parties were on the same side trying to win the same motion and that they acted innocently.  See Sutton Declaration, Paragraph 14.

14)    Plaintiff has not sustained any damages because Defendants immediately withdrew the allegedly infringing brief and retracted it from the Court filings, so that it no longer exists in the Court's records.  See Sutton Declaration, Paragraph 15.

15)    Plaintiff cannot objectively prove that it is entitled to actual damages . . . because Plaintiff cannot show that the fair market value of this brief(s) has been diminished and Plaintiff is not entitled to claim a lost license fee.   See Sutton Declaration, Paragraph 16.

16)    Any purported damages relating to Plaintiff's alleged copyrighted brief(s) sought by the Plaintiff are limited due to the lack of any evidence by Plaintiff that they would have derived any profits, and are also limited by the apportionment theory based on the percentage of profits attributable to the alleged infringement of the allegedly copyrighted briefs.   See Sutton Declaration, Paragraph 17.

17)    Plaintiff has not stated any particularized facts establishing any damages that Plaintiff has sustained because of Defendants' alleged copying. See Sutton Declaration, Paragraph 18.

## III.   SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact is one that could reasonably be resolved in favor of the nonmoving party and that could affect the

outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). **The evidence submitted by the nonmovant, in opposition to a motion for summary judgment, is to be believed, and all justifiable inferences are to be drawn in its favor.** *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir.1989) (en banc)("[A]ll **justifiable inferences must be drawn in [the nonmovant's] favor.**") (citation omitted); *Keystone Retaining Wall Sys., Inc. v. Defendantsrock, Inc.*, 997 F.2d 1444, 1449-50 (Fed.Cir.1993) (internal citations omitted)(*quoting Anderson*, 477 U.S. at 255).

### ARGUMENT

Defendants – not Plaintiff – is entitled to summary judgment on Defendants' fair-use defense.  Thus, Plaintiff's summary judgment motion should be denied.

### IV.   DEFENDANTS' TRANSFORMATIVE USE OF PLAINTIFF'S BRIEF, WITH NO PROSPECT OF MARKET HARM, IS FAIR USE.

As the Supreme Court has explained, "[f]rom the infancy of copyright protection, some opportunity for **fair use** of copyrighted materials has been thought necessary to fulfill copyright's very purpose, 'to promote the Progress of Science and useful Arts.' Art. I, sec. 8, cl. 8." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575-77 (1994) (citations omitted). The fair use doctrine is essential to prevent "rigid application" of copyright law protections from "stifl[ing] the very creativity which that law is designed to foster." Id.

Section 107 of the Copyright Act instructs courts to evaluate invocations of fair use on a case-by-case basis by considering the following non-exclusive list of factors:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
(2) the nature of the copyrighted work;
(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
(4) the effect of the use upon the potential market for or value of the copyrighted work.

Courts have emphasized that these factors should be construed so as to advance the underlying objectives of copyright law. As noted above, "[t]he ultimate test of fair use… is whether the copyright law's goal of 'promoting the Progress of Science and useful Arts,' U.S. Const., art. I, § 8, cl. 8, would be better served by allowing the use than by preventing it." *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 141 (2d Cir. 1998) (other quotation omitted).

The conduct of which Defendants are accused plainly falls into the zone protected by fair use. On an uncontested record as to the material facts that underly a fair-use analysis here, the statutory factors weigh heavily in Defendants' favor. Also, the underlying purposes of copyright law thus clearly would be advanced rather than threatened by a finding of fair use.

Analysis of the factors below compels the conclusion that they balance in Defendants' favor and thus, Defendants' use is fair.

**A.    Factor One: The Nature and Purpose of the Use**

**1.    Defendants' Use was Transformative**

**Although a transformative use weighs heavily in favor of fair use, the Supreme Court has held that a transformative use is not required for a finding of**

**fair use.** *Campbell*, 510 U.S. at 579; *see also Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 453 n.40 (1984).

The "central purpose" of the first-factor inquiry is to determine "whether the new work merely **supersede[s]** the objects of the original creation... or instead adds **something new**, with a further purpose or different character, **altering the first** with new expression, meaning, or message"; it is to determine "whether and to what extent the new work is transformative." *Campbell*, 510 U.S. at 579 (quotations omitted). By generating value beyond that inhering in the original, the goal of copyright "is generally furthered" by transformative works. *Campbell*, 510 U.S. at 579.

Here, Defendants added transformative elements to Plaintiff's alleged copyrighted brief, such as (See paragraphs 5, 7, and 8 of Sutton Declaration):

1)     Defendants added new sections to Defendants First Brief, and substantial revisions were made.

2)     Defendants moved to withdraw Defendants First Brief, and filed a shortened, revised appeal brief on behalf of Sakar.

3)     Defendants then filed a Second and Revised Brief that did not copy Newegg's Brief.  Substantial revisions were made.

*See White v. W. Pub. Corp.*, 29 F. Supp. 3d 396, 399 (S.D.N.Y. 2014)("West and Lexis's processes of reviewing, selecting, converting, coding, linking, and identifying the documents "**add[ ] something new**, with a further purpose or different character" than the original briefs.")(*citing Campbell*, 510 U.S. at 579); *Authors Guild, Inc. v.*

7

*Hathitrust*, No. 11 CV 63551 (HB), 2012 WL 4808939, at *11 (S.D.N.Y. Oct. 10, 2012) ("A transformative use may be one that actually changes the original work.")

Also, the commercial nature of the use is not legally significant; it is "only one element of the first factor enquiry into its purpose and character," *Campbell*, 510 U.S. at 584, and **the fact that a use is commercial does not bar a finding of fairness**. *Id.* Indeed, "the Supreme Court has discounted the force of commerciality in applying a fair use analysis[.]" *Kane v. Comedy Partners*, No. 00 Civ 158 (GBD), 2003 WL 22383387, at *3 (S.D.N.Y. Oct. 16, 2003). As the Supreme Court has noted, if "commerciality carried presumptive force against a finding of fairness, the presumption would swallow nearly all of the illustrative uses listed in the preamble paragraph of § 107, including news reporting, comment, criticism, teaching, scholarship, and research, since these activities 'are generally conducted for profit in this country.'" *Campbell*, 510 U.S. at 584 (citation omitted). The commercial nature of a transformative use carries little weight where, as in this case, the factors considered together point toward fair use.

Thus, the first statutory factor weighs heavily in favor of fair use.

## B.    Factor Four:  The Effect of the Use on the Potential Market for or Value of the Copyrighted Work

Defendants' use of Plaintiff's brief had no impact on the actual or any potential market for Plaintiff's brief. (**As pointed out to this Court, Defendants had the complete legal right to adopt every word of Plaintiff's brief under Rule 28(i) of the Federal Rules of Appellate Procedure.**)

The fourth statutory fair-use factor requires an assessment of "the effect of

[Defendants'] use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). The primary focus of this factor is on whether the Defendants' work functions as a substitute for the plaintiff's work and thus reduces the value of the existing market for that work. *See e.g. NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 482 (2d Cir. 2004) (asking "whether the secondary use usurps the market of the original work").

Also relevant under the fourth factor is whether the Defendants' activity might erode the value of a "potential" market for the plaintiff's work.

A copyright owner's failure to adduce any evidence of harm to the actual or potential **market for the copyrighted work weighs heavily in favor of fair use**. In *Blanch*, the fact that the plaintiff admitted she had "never licensed any of her photographs for use in works of graphic or other visual art" and that the defendant's use of her photograph in a painting "did not cause any harm to her career or upset any plans she had" for the photograph led the court to conclude that the fourth factor "greatly" favored the Defendants. 467 F.3d at 258; *see also id.* at 262 (Katzmann, J., concurring) ("[T]he fourth factor of the fair-use analysis dramatically favors Koons, in that Blanch **failed to show that Koons' use of her work actually harmed her in any way[.]**"); *Leibovitz v. Paramount Pictures Corp.*, 137 F.3d 109, 116 n.6 (2d Cir. 1998) ("Leibovitz has not identified any market for a derivative work that might be harmed by the Paramount ad. In these circumstances, the defendants had no obligation to present evidence showing lack of harm in a market for derivative works."); *Swatch Group*

*Mgmt. Servs. Ltd. v. Bloomberg L.P.*, No. 11 Civ. 1006 (AKH), 2012 WL 1759944, at *5 (S.D.N.Y. May 17, 2012) (finding fair use where "[n]othing in the record suggests any market effect stemming from defendant's use of such a limited portion of the recording of the Earnings call.").[1]

Here, Plaintiff has failed to identify any adverse effect whatsoever on any actual or any potential market for its brief arising from its use by Defendants. *White v. W. Pub. Corp.*, 29 F. Supp. 3d 396, 400 (S.D.N.Y. 2014)("[Plaintiff] admits that he lost no clients as a result of West's and Lexis's usage…. Furthermore, **no secondary market exists in which White could license or sell the briefs to other attorneys**, as no one has offered to license any of White's motions, nor has White sought to license or sell them. Although White argues that Lexis and West impede a market for licensing briefs, the Court finds that no potential market exists because the transactions costs in licensing attorney works would be prohibitively high. Thus on net, the fourth factor weighs in favor of defendants and a finding of fair use.") (*citing Blanch v. Koons*, 467 F.3d 258 (2d Cir. 2006) (finding that this factor "greatly favor[ed]" the alleged infringer where the copyright holder had "never licensed any of her photographs for use in works of graphic or other visual art")).

---

[1] *See also A.V. ex rel. Vanderhye v. iParadigms*, 562 F.3d 630, 643 (4th Cir. 2009) (**finding fair use** where each of the plaintiffs conceded that the defendant's use of their school papers had not "impinged on the marketability of their works or interfered with their use of the works"); *Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 25 (1st Cir. 2000) (noting lack of evidence of a market for sale of modeling photographs to newspapers to illustrate controversy and that plaintiff did "not suggest that he ever tried to sell portfolio photographs to newspapers").

Thus, the fourth statutory factor tilts in favor of fair use.

## C.   Factor Two:  The Nature of the Copyrighted Work

The second fair-use factor considers the nature of the plaintiffs' copyrighted work.  U.S.C. § 107(2).  The law "generally recognizes a greater need to disseminate factual works than works of fiction or fantasy."  *Harper & Row, Publ'rs, Inc. v. Nation Enters.*, 471 U.S. 539, 563 (1985).  As the Second Circuit stated in *Am. Geophysical Union v. Texaco*, 60 F.3d 913, 925 (2d Cir. 1994) with respect to scientific articles, "[t]he manifestly factual character of the… articles precludes us from considering [them] as 'within the core of the copyright's protective purposes.'" (citations omitted); *see also New Era Publ'ns Int'l v. Carol Publ'g Grp.*, 904 F.2d 152, 157-58 (2d Cir. 1990) (finding that factor two favored fair use where copied work, a biography, was, on balance, factual or informational); *Maxtone Graham v. Burtchaell*, 803 F.2d 1253, 1263 (2d Cir. 1986) (finding collection of verbatim interviews to be "essentially factual in nature," favoring fair use).

Although even nonfiction works may have creative elements that are entitled to some weight under factor two, *see, e.g., Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., Int'l*, 533 F.3d 1287, 1300 (11th Cir. 2008), the straightforward, functional presentation of fact and law in Plaintiff's brief places it on the less creative end of the nonfiction spectrum and, accordingly, tips factor two in favor of fair use.  Here, the brief at issue is a "functional presentation[] of fact and law, and this cuts towards finding in favor of fair use." *White v. W. Pub. Corp.*, 29 F. Supp. 3d 396,

11

399 (S.D.N.Y. 2014)

Thus, the second factor thus favors fair use.

**D.    Factor Three:  The Amount and Substantiality of the Use**

The third fair-use factor looks at the amount and substantiality of the portion used in relation to the copyrighted work as a whole.  17 U.S.C. § 107(3).  **Copying an entire work "does not preclude a finding of fair use."**  *White v. W. Pub. Corp.*, 29 F. Supp. 3d 396, 399 (S.D.N.Y. 2014)("[C]ourts have concluded that… copying [entire works] does not necessarily weigh against fair use because copying the entirety of a work is sometimes necessary to make a fair use of the image.")(*citing Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 613 (2d Cir.2006)). Rather, the Supreme Court has explained, "the extent of permissible copying varies with the purpose and character of the use." *Campbell*, 510 U.S. at 586-87; *see also Sony*, 464 U.S. at 449-50 (because time-shifting "merely enables a viewer to see such a work which he had been invited to witness in its entirety free of charge, the fact that the entire work is reproduced… does not have its ordinary effect of militating against a finding of fair use").

Where, as here, the transformative purpose of the copying necessitates the use of the entire work, the third factor does not weigh against a finding of fair use. *See, e.g.*, *Bill Graham Archives*, 448 F.3d at 613 (finding that copying of the entire work "does not necessarily weigh against fair use because copying the entirety of a work is sometimes necessary to make fair use" of the work).  See part A1 above.

In view of the necessity of Defendants copying, factor three is in Defendants'

favor.

## V.   IN THE ALTERNATIVE, DEFENDANTS ARE ENTITLED TO JUDGMENT ON PLAINTIFF'S CLAIMS FOR ACTUAL DAMAGES, STATUTORY DAMAGES, AND ATTORNEY'S FEES

As demonstrated above, Defendants are entitled to judgment, and a concomitant dismissal of the complaint as to it, on its fair-use defense.  Even if the Court were to deny that relief, however, the record is ripe for the Court now to rule, as a matter of law, on the availability of various remedies were Plaintiff to secure a favorable liability ruling.  Specifically, it is now clear that Plaintiff has failed to prove any actual damages arising out of the asserted infringement and, is not eligible to receive statutory damages or attorneys' fees, and would not be entitled to injunctive relief.

### A.   Plaintiff Cannot Show Any Actual Damages.

Plaintiff cannot identify any actual damage it has incurred as a result of Defendants' conduct.  Accordingly, Defendants are entitled to judgment on Plaintiff's request for actual damages. *See Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1276-77 (M.D. Fla. 2008) (granting summary judgment on plaintiff's claim for actual damages where it was undisputed that the plaintiff never licensed the allegedly infringed work for any fees and also failed to provide any evidence of benchmark licenses).

### B.   Plaintiff Is Not Eligible to Receive Statutory Damages or Attorneys' Fees.

Plaintiff cannot satisfy the statutory prerequisites for eligibility for an award of statutory damages and attorneys' fees.  Section 412 of the Copyright Act provides in relevant part that "no award of statutory damages or of attorney's fees... shall be made

13

for (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after the first publication of the work and before the effective date of its registration, unless such registration is made within three months after first publication of the work." 17 U.S.C. § 412. Plaintiff cannot meet the **first prong** of section 412 because part of Plaintiff's brief was copied by Defendants and incorporated into Defendants' brief (prepared for their client Sakar) before the Plaintiff's brief was registered. Plaintiff cannot meet the **second prong** of section 412 because – notwithstanding their public availability at the courthouse in which they were filed and from PACER – the brief has not been "published" for purposes of section 412.

"Publication" is defined in section 101 of the Copyright Act as "the distribution of copies… of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101. One or more of these acts must have occurred prior to commencement of the infringement for section 412(2) to apply, but none of these acts has taken place.

Plaintiff's very limited acts of distribution do not constitute publication as required by section 412(2). *See, e.g., Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 388 (D. Utah1991) (**"[P]lacement of documents in court files and offering documents into evidence, even though this may provide access to the public, does not constitute publication under the copyright laws."**). Courts distinguish between "general" and "limited" publication, and the definition of "publication" in section 101

corresponds to **"general" publication**.  *See Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 288 F. Supp. 2d 544, 555 (S.D.N.Y. 2003); *Shoptalk, Ltd. v. Concorde-New Horizon Corp.*, 168 F.3d 568, 590 (2d Cir. 1999).  In contrast, "[l]imited" publication, which involves the communication or distribution of a work to a "definitely select group," for a "limited purpose," and "without the right of diffusion, reproduction, distribution or sale," is **not a "publication"** within the meaning of section 101.  *Warner Bros. Entm't Inc. v. X One X Prods.*, 644 F.2d 584, 593 (8th Cir. 2011); *see also Soc'y of the Holy Transfiguration Monastery, Inc. v. Archbishop Gregory of Denver*, 689 F.3d 29, 45 (1st Cir. 2012).

Publicly filing a document with a governmental entity is at best **a limited publication**; it is not a general one that satisfies section 412(2).  *See Danielson, Inc. v. Winchester-Conant Properties, Inc.*, 322 F.3d 26, 36 (1st Cir. 2003); *Grundberg*, 137 F.R.D. at 388; *see also RPM Mgmt., Inc. v. Apple*, 943 F. Supp. 837, 841-42 (S.D. Ohio 1996); *Kunycia v. Melville Realty Co., Inc.*, 755 F. Supp. 566, 574 (S.D.N.Y. 1990); *East/Defendants Venture v. Wurmfeld Assocs., P.C.*, 722 F. Supp. 1064, 1066 (S.D.N.Y. 1989); 1 M.B. & D. Nimmer, *Nimmer on Copyright*, § 4.10 at 4-52 (2012) ("[P]lacing a work in a public file… clearly does not constitute an act of publication.").

## VI.   <u>CONCLUSION</u>

Based on all of the foregoing, Plaintiff's summary judgment motion should be denied, and summary judgment should be awarded granted in Defendants' favor for

15

actual damages, statutory damages and/or attorney's fees.

Dated: May 9, 2016                          Respectfully submitted,


                                            KOHAN LAW FIRM


                                    By:     __/s/_____
                                            K. TOM KOHAN
                                            Attorney for
                                            Defendants/Counterclaimants

cc: Ezra Sutton, Esq.
**Ezra Sutton & Associates, P.A.**
900 Route 9 North
Plaza 9, Suite 201
Woodbridge, New Jersey 07095
Telephone:  (732) 634-3520
Facsimile:  (732) 634-3511
Email: esutton@ezrasutton.com