# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| NEWEGG INC., | CV 15-01395 TJH (JCx) |
| Plaintiff, | |
| v. | Order |
| EZRA SUTTON, P.A., *et al.*, | |
| Defendants. | [48] |

The Court has considered Defendant Sutton's motion for leave to amend the Final Pretrial Conference Order to add the affirmative defense of fair use and Plaintiff Newegg's motion for partial summary judgment, together with the moving and opposing papers.

The Court must take account the following when considering whether to amend a Final Pretrial Conference Order: the degree of prejudice to any party, any impact which the amendment would have on the conduct of the trial, and any willfulness or bad faith by the party seeking the amendment. *See Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005).

There would be no prejudice to Newegg if the Final Pretrial Conference Order is amended because Newegg competently dealt with the affirmative defense in its partial

summary judgment motion. Next, the amendment would not adversely affect the conduct of the trial. Finally, there is no evidence that Sutton acted in bad faith. Accordingly, the Final Pretrial Conference Order will be amended to include the affirmative defense of fair use.

Because there is no dispute that Newegg is the owner of a valid and registered copyright for its draft brief, or that Sutton copied substantial portions of Newegg's draft brief without permission, the next issue is whether Sutton's copying constituted fair use of Newegg's draft brief.

In a summary judgment motion, when the nonmoving party has the burden of proof at trial, as Sutton has here on the affirmative defense of fair use, summary judgment should be granted when the nonmoving party fails to produce evidence to establish a *prima facie* case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Thus, the burden is on Sutton to establish a *prima facie* case for fair use. Newegg, as the moving party, however, has the initial burden to show that Sutton does not have enough evidence to establish a *prima facie* case of fair use. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Newegg has met this initial burden. Consequently, the burden shifts to Sutton to establish, with admissible evidence, a *prima facie* case that the copying was fair use. *See Celotex*, 477 U.S. at 322.

The Copyright Act sets out four statutory factors that should be considered before fair use can be successfully raised as an affirmative defense to copyright infringement. 17 U.S.C. § 107. The first statutory factor concerns the "purpose and character of the use," the second factor examines the "nature of the copyright work," the third factor assesses the "amount and substantiality" of the copyrighted work used by the alleged infringer, while the fourth factor assesses whether the allegedly infringing work has an adverse effect on the potential market for, or the value of, the copyrighted work. 17 U.S.C. § 107.

The purpose of the fair use doctrine is to permit "courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that

law is designed to foster." *Stewart v. Abend*, 495 U.S. 207, 236 (1990). While § 107 sets out four factors to consider, there is no bright line rule for fair use; an analysis must be undertaken on a case-by-case basis with each factor weighed against each other rather than considered in isolation. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994).

In considering the first statutory factor, the Ninth Circuit has held that when an allegedly infringing work was used for the same intrinsic purpose as the copied work, it is a "strong *indicia*" that there was no fair use. *See Jartech, Inc. v. Clancy,* 666 F.2d 403, 407 (9th Cir. 1982). A key, though not "absolutely necessary" element in considering this first statutory factor is whether and to what extent the allegedly infringing work is "transformative." *Campbell*, 510 U.S. at 579. In *Campbell*, the Supreme Court held that the "more transformative the new work, the less will be the significance of other factors […] that weigh against a finding of fair use." *Campbell*, 510 U.S. at 579. For a new work to have made a transformative use of an old work, the new work must have altered the copyrighted work to create "new expression, meaning or message." *Campbell,* 510 U.S. at 578.

Here, Sutton did not add new expression, meaning or message to Newegg's draft brief. Sutton merely made minor and cosmetic changes to the draft brief. Further, Sutton's brief and Newegg's draft brief had the same intrinsic use – to persuade the Federal Circuit. Therefore, Sutton's brief cannot be said to be a transformative use of the draft brief. Thus, the first statutory factor weighs heavily in favor of Newegg.

The second factor – the nature of the copyrighted work – calls for recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied. *See Stewart v. Abend*, 495 U.S. 207, 237–238 (1990). For example, the Supreme Court has held that there is a "greater need" to disseminate factual works than works of fiction. *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 540 (1985). Moreover, the Southern District of New York held that legal briefs are

copyrightable "functional presentations of fact and law," which tends toward a finding of fair use. *White v West Pub'l. Corp.*, 29 F. Supp. 3d 396, 399 (S.D.N.Y. 2014). While only of persuasive value, *White* nonetheless demonstrates the principle that legal briefs can be the subject of copyright infringement and, by extension, can be captured within the scope of the fair use defense. Because Sutton's brief is a functional presentation of fact and law, and in accordance with the Supreme Court's priority in disseminating factual works, the second statutory factor weighs slightly in favor of Sutton. *See Harper & Row Publishers, Inc.*, 471 U.S. at 540.

For the third factor, the Court must consider the the amount and substantiality of the portion copied in relation to the copyrighted work as a whole. 17 U.S.C. § 107(3). "This factor calls for thought not only about the quantity of the materials used, but about their quality and importance, too." *Campbell*, 510 U.S. at 587. Moreover, the copying of a substantial portion of the original work "may reveal a dearth of transformative character or purpose under the first factor." *Campbell*, 510 U.S. at 587. Given that Sutton copied most, if not all, of the substantive portions of the draft brief, and that Sutton's use of the draft brief was not transformative, this factor weighs heavily in favor of Newegg.

As to the fourth factor – the degree of harm to the potential market – Newegg failed to provide any evidence that it has ever licensed or sold its briefs, or that there is a market for the licensing or sale of its legal briefs. When a copyright holder fails to identify a market for its copyrighted work that might be harmed by an infringing work, the infringer need not present evidence demonstrating the lack of harm in the market for the copyrighted work. *Leibovitz v Paramount Pictures Corp.*, 137 F.3d 109, 116 (2nd Cir. 1998). Therefore, because Newegg has failed to identify a market for its legal briefs, the fourth statutory factor weighs slightly in favor of Sutton.

Upon consideration of all four factors, with more weight given to the first and third factors based on the facts, circumstances and particular nature of this case, Sutton did not meet his burden of establishing a *prima facie* case that his copying of Newegg's

draft brief was fair use.

Finally, Fed. R. App. P. 28(i) cannot be used to justify Sutton's copying of the draft brief. Rule 28(i) specifically permits a party to either join in or adopt by reference a part of a co-party's brief. By copying Newegg's draft brief, Sutton went beyond joining the brief or incorporating parts of it by reference.

Accordingly,

**It is Ordered** that Defendants' motion for leave to amend the Final Pretrial Conference Order to add the affirmative defense of fair use be, and hereby is, **Granted**.

**It is further Ordered** that Plaintiff's motion for partial summary judgment as to copyright infringement be, and hereby is, **Granted**.

Date: September 13, 2016

_____
Terry J. Hatter, Jr.
Senior United States District Judge